**AMERICA'S INSURANCE CENTER,**
Plaintiff,

v.

**TRADEWINDS BROKERAGE, LTD. and**
**Anthony Principe, Defendants.**

**No. 79 Civ. 3791 (KTD).**

United States District Court,
S. D. New York.

Nov. 20, 1979.

---

David Van Muraskin, New York City, for plaintiff.

Easton & Echtman, P. C., New York City, for defendants; Henry J. Easton, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, America's Insurance Center, brings this action against Tradewinds Brokerage, Ltd. and its president Anthony Principe as the guarantors of certain premiums due under a policy of insurance issued to the Cross Bay Excavators, Inc. [hereinafter referred to as "Cross Bay"].

The complaint alleges that in November of 1976, Tradewinds, through the machinations of its president Anthony Principe, agreed to act as insurance broker for the plaintiff. This agreement was reflected in a "Brokers Earned Premium Agreement" dated November 1, 1976, which provides in pertinent part:

1. I/We hereby unconditionally guarantee, covenant and agree to pay to you or any successor or assigns, all Earned Premiums together with any and all service charges, inspection fees, *taxes* and other costs including legal and court costs in respect of insurances, either on binder, new or renewal policies ordered by me/us underwritten by your office for my/our account. Where Broker is a Corporation or a Co-partnership, the officers, partners and/or licensees jointly and severally guarantee the payment of Broker's account to A.I.C.

2. This is a continuing guarantee.

3. This guarantee cannot be terminated or cancelled unless the termination is in writing and executed by America's Insurance Center, its successors or assigns.

At the bottom of the Agreement the firm name, Tradewinds Brokerage Ltd., appears with its address and it is signed (next to the words "Authorized Signature") by Anthony Principe. Plaintiff's Exhibit A.

There is another undated Agreement, also entitled "Broker's Earned Premium Agreement," which provides:

3. The "Broker" hereby assumes full responsibility for and covenants and agrees to pay to the "Agent", or any successor or assigns, all premiums which may become due and owing unto the "Agent" as a result of any placement, together with any and all service charges, inspection fees, taxes, and other costs, including legal and court costs, in respect of insurance, either on binder, new or renewal policies ordered by "Broker" through the "Agent". The "Broker" shall be primarily liable to the "Agent" for the payment of said earned premiums, as well as any and all other obligations of the "Agent" as a result of such placement.

4. It is agreed by and between the parties that payment of net premiums, (defined as Gross less Returns) plus all other charges must be paid by "Broker" to A.I.C. on the monthly Account Current (statement) *as rendered by A.I.C. to "Broker"* and payment of balance due as shown by A.I.C. on the monthly Account Current (statement) must be paid in full by "Broker" on or before the 30th day following receipt of the monthly A.I.C. Account Current (for example, the Account Current rendered by A.I.C. to the "Broker" for the month of December would be due for payment in full not later than January 31st), and that further, *any credit extended by "Broker" to the assured or any others to whom policies are being issued shall be at the "Broker's" sole risk and premiums must be paid to A.I.C. by "Broker" in full when*

due and as billed in the *Account Current* rendered by A.I.C. whether or not they are collected by "Broker". Where "Broker" is a Corporation or a Co-partnership, the officers, partners and/or licensees jointly and severally guarantee the payment of "Broker's" account to A.I.C.

5. The "Broker" agrees that this guarantee of payment shall be effective with respect to any and all accounts and renewals thereof.

Plaintiff's Exhibit B; Defendants' Exhibit C.

In December, 1976, the defendants secured an insurance policy through the plaintiff for Cross Bay to cover work to be performed by Cross Bay pursuant to various construction agreements. Plaintiff charges that of the $26,633.00 premium due, a balance of $10,330.99 is still outstanding and despite timely demands for payment by plaintiff from Tradewinds and Anthony Principe, the balance remains unpaid.

Defendants now move to dismiss the complaint or, in the alternative, for summary judgment on the following grounds:

That defendants are not liable as guarantors;

That in any event the defendant Principe cannot be personally liable as guarantor since he signed the Agreement on behalf of the corporate defendant as its president; and

The amount in controversy does not meet the requisite jurisdictional amount and accordingly this Court is without subject matter jurisdiction.

■ I turn first to the question of subject matter jurisdiction. The essence of defendants' argument is as follows. Of the $10,330.99 premium allegedly owed by defendants, $358.00 is a New York State Franchise Tax. Defendants argue that this amount is owed not to the plaintiff but rather to New York State and cannot form part of plaintiff's claim to meet the jurisdictional threshold. I disagree.

It is apparent from the papers before me that plaintiff has paid the franchise tax and thus is out of pocket. Accordingly, that portion of its claim is properly computed to reach the jurisdictional threshold.

■ Concerning the balance of defendants' arguments, plaintiff has stated a claim against each defendant to withstand the instant motion to dismiss. An insurance policy did issue and there was an agreement to the effect that at least the corporate defendant would guarantee those premiums payable by Cross Bay. Moreover, while it is not clear that Mr. Principe personally guaranteed the premiums in issue, there is language to that effect in at least one of the agreements before me. See Plaintiff's Exhibit A. Thus, I cannot say at this juncture that there are no facts which plaintiff could develop to prove its claim against the individual defendant.

■ Furthermore, there are numerous factual issues any one of which is sufficient to defeat defendants' motion for summary judgment. For example, there is the question as to which of the Broker Agreements before me was operative when the premiums in issue became due. Also, there is the crucial question as to what precise hazards the policy issued by plaintiff was intended to cover. Indeed, this is at the heart of Cross Bay's non-payment and the instant suit against the alleged guarantors.

Accordingly, defendants' motions to dismiss and for summary judgment are denied.

So ordered.